FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 20, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PEDRO MACHADO-GOMEZ,<br><br>Defendant. | No. 4:25-CR-06005-MKD-3<br><br>ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT AND SETTING DETENTION HEARING |

On Thursday, February 20, 2025, Defendant made an initial appearance and was arraigned based on the Indictment (ECF No. 1). Defendant was represented by court-appointed attorney Robin Emmans and assisted by federal court-certified interpreter Natalia Rivera. Assistant United States Attorney Brandon Pang represented the United States.

Defendant was advised of and acknowledged Defendant's rights.

The Court entered pleas of not guilty on Defendant's behalf.

Robin Emmans, a member of the Criminal Justice Act Panel, was previously appointed to represent Defendant, and that appointment was affirmed.

The United States previously filed a Motion for Detention (ECF No. 23).

ORDER - 1

Accordingly, **IT IS ORDERED:**

1. The Court directs the parties to review the Local Criminal Rules governing discovery and other issues in this case. http://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders.

2. Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the United States has a continuing obligation to produce all information or evidence known to the United States relating to guilt or punishment that might reasonably be considered favorable to Defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court orders the United States to produce to Defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of Defendant with full disclosure being made.

If the United States believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement

ORDER - 2

technique, or any other substantial government interest, the United States may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the United States' obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the United States' obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)).

3. Defendant shall submit a revised CJA-23 Financial Affidavit if Defendant receives cash or any other asset with a value of $15,000 or greater (including, but not limited to, an inheritance, a court settlement, lotto or gambling

1  winnings, a dividend, an award, and/or a royalty or interest in property) while
2  Defendant is represented by a Court appointed attorney during the pendency of this
3  case. Defendant shall submit a revised CJA-23 Financial Affidavit within five (5)
4  business days of physical receipt or knowledge of the existence of any such asset.

5     4.     A **detention hearing** was set **before Magistrate Judge Ekstrom in**
6  **Richland, Washington, on Tuesday, February 25, 2025, at 10:00 AM.**

7     5.     Pending the hearing, Defendant shall be detained in the custody of the
8  United States Marshals Service and produced for the hearing.[1] To the extent
9  practicable, Defendant shall be confined separately from persons awaiting or
10 serving sentences or being held in custody pending appeal. Defendant shall be
11 afforded reasonable opportunity for private consultation with counsel. On order of
12 a court of the United States or on request of an attorney for the United States, the
13 person in charge of the corrections facility in which Defendant is confined shall
14 deliver Defendant to the United States Marshals Service for the purpose of an
15 appearance in connection with a court proceeding.

16    6.     The United States Probation/Pretrial Services Office is authorized to
17 prepare a supplemental pretrial services report and shall notify defense counsel
18 prior to interviewing Defendant. If Defendant does not wish to be interviewed,

---

[1] *See* 18 U.S.C. § 3142(f).

ORDER - 4

that Office is authorized to prepare said report using any information it deems relevant to the issue of detention.

**IT IS SO ORDERED**.

DATED February 20, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 5